IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00046-MR-WCM

| | |
|---|---|
| ALWINA FYKES, individually, on her own behalf and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| HALLELUJAH ACRES, INC., a North Carolina corporation, and DOES 1 to 10, | ) ) ) ) |
| Defendants. | ) ) ) |

ORDER

This matter is before the Court on Plaintiff's Motion for Discovery (the "Motion," Doc. 5).

I. Procedural Background

On February 21, 2023, Plaintiff Alwina Fykes ("Plaintiff"), individually and as a proposed class representative for all others similarly situated, filed this action against Defendants Hallelujah Acres, Inc. ("Hallelujah Acres") and Does 1 to 10 (collectively "Defendants") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") and N.C. Gen. Stat. §§ 75-102 and 75-105 ("Chapter 75"). Doc. 1. A summons was issued to Hallelujah Acres the same day. Doc. 2.

On May 3, 2023, Plaintiff moved for an entry of default. Doc. 3.

1

The Clerk entered default against Hallelujah Acres on May 4, 2023. Doc. 4.

On October 11, 2023, Plaintiff filed the Motion for Discovery. Doc. 5. No Defendant has filed a response and the time to do so has expired.

## II. Plaintiff's Allegations

Plaintiff alleges that Defendants sent unsolicited text messages in violation of the TCPA and Chapter 75. Specifically, Plaintiff alleges that her telephone number has been listed on the National Do-Not-Call Registry for over ten years but, in June of 2022, she received three unsolicited text messages that included an alert or notice along with a link directing her to access the Hallelujah Acres website. Doc. 1 at 30–32.

Plaintiff's Complaint seeks an order certifying certain classes, as well as a judgment for damages against Defendants and injunctive relief. Id. at 20.

By the Motion, Plaintiff requests leave to conduct early discovery.

## III. Legal Standards

"Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that '[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by [the Federal Rules of Civil Procedure], by stipulation, or by court order.'" Parker v. Case Farms, LLC, No. 1:20-cv-00011-MR-WCM, 2020 WL 12991080, at *1

2

(W.D.N.C. Feb. 25, 2020) (quoting Fed. R. Civ. P. 26(d)(1) and (citing LCvR 16.1(f) ("Court-enforceable discovery does not commence until issues have joined and a Scheduling Order has been entered")). "A party seeking early court-enforceable discovery may file a motion for leave to take early discovery stating the grounds therefor." Id. Generally, such a motion may be granted upon a showing of "good cause." Parker, 2020 WL 12991080, at *1 (citing Dimension Data N. Am., Inc. v. NetStar–1, Inc., 226 F.R.D. 528, 531–32 (E.D.N.C. 2005)); see also Carter v. Ozoeneh, No. 3:08cv614-MR, 2009 WL 1383307, at *3 (W.D.N.C. May 14, 2009) (same). The analysis may include "the assessment of factors such as 'the procedural posture of the case, whether the discovery requested is narrowly tailored, whether the party seeking the information would be irreparably harmed by waiting until after the parties conduct their Rule 26(f) conference, and whether the information sought would be unavailable or subject to destruction in the absence of expedited production.'" Bojangles' Int'l, LLC v. CKE Rests. Holdings, Inc., No. 3:17-cv-00398-MOC-DSC, 2017 WL 3065115, at *6 (W.D.N.C. July 19, 2017) (quoting Me2 Prods., Inc. v. Does 1–16, No. 4:16-CV-279-FL, 2016 WL 7017268, at *1 (E.D.N.C. Dec. 1, 2016) and citing Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC, No. 5:15-CV-115-BR, 2015 WL 12600175, at *3 (E.D.N.C. 30 June 2015)).

IV. Discussion

In this case, since the Doe Defendants have not been served, and as default has been entered against Hallelujah Acres, the issues have not joined, the parties have not conferred regarding a discovery plan, and a pretrial order has not been entered. Consequently, Plaintiff is not able to conduct discovery absent a court order.

With regard to the specific types of information Plaintiff seeks, the Motion states that Plaintiff - "so that she can prove up the proper class members and their damages to this Court" - seeks leave to issue subpoenas to Defendant "and other parties" under Rules 30 and 45 requiring the production of documents and the attendance of witnesses at depositions. Doc. 6 at 2; see also id. at 4 ("Plaintiff needs the Defendants' records to determine how many text spam recipients are part of the putative class.").

Some courts have found that good cause exists to permit discovery regarding class certification and damages following the entry of default. See e.g., Sheridan v. Oak St. Mort., LLC, 244 F.R.D. 520, 522 (E.D. Wisc. 2007) (finding "'good cause' to engage in limited discovery relevant to the issues of class certification and damages"); Katz v. Curtis Pharmacy, LLC, No. 22-CV-644 (VSB), 2023 WL 5769499, at *7 (S.D.N.Y. Sept. 7, 2023) (finding good cause for plaintiff in class action to conduct limited discovery after the defendant defaulted); Slaughter v. Jamestown Tenn. Med. Ctr., Inc., No.

4

2:19-CV-00048, 2020 WL 12918327, at *2 (M.D. Tenn. Sept. 17, 2020) (stating that "without discovery to obtain information relevant to the issues of class certification and damages, [plaintiffs] would be unable to litigate their case to its conclusion. Given the defendants' failure to appear in this action ... [g]ood cause ... exists to allow early discovery in this case.").

The undersigned is persuaded that, consistent with these authorities, some limited early discovery is warranted.

However, the discovery requested by Plaintiff is not sufficiently targeted or appropriately limited. Plaintiff states that she wishes to take discovery from Defendant "and other parties" that "may include emails and other communications, records of text message transmissions, website logs, sales records, phone records, and other records that may shed light where it is reasonably needed to proceed with the case." Doc. 6 at 4. She has not, though, adequately described the specific categories of documents she plans to seek (or from whom), or the depositions she would like to take, including the proposed deponents, the topics for the depositions, or how long she proposes that each deposition should last.

The Motion for Discovery (Doc. 5) is, therefore, **DENIED WITHOUT PREJUDICE**.

It is so ordered.

W. Carleton Metcalf
United States Magistrate Judge

Signed: December 11, 2023