IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00046-MR-WCM

| | |
|---|---|
| **ALWINA FYKES,** individually, on her own behalf and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **HALLELUJAH ACRES, INC.,** a North Carolina corporation, and **DOES 1 to 10,** <br><br> Defendants. | **ORDER** |

This matter is before the Court on Plaintiff's Renewed Motion for Discovery (the "Renewed Motion," Doc. 9).

Consistent with the undersigned's previous Order (Doc. 8) and having reviewed the Renewed Motion and the record in this case, the Court finds that some limited early discovery is warranted at this time, though not to the extent requested by the Renewed Motion.[1]

---

[1] Plaintiff's concern that the Court intends to preapprove Plaintiff's subpoenas before they are served is unfounded. Rather, the Court will establish parameters for a reasonable amount of early discovery within which Plaintiff may proceed.

1

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Renewed Motion for Discovery (Doc. 9) is **GRANTED IN PART** and Plaintiff is **GIVEN LEAVE** to conduct the following discovery:

    a. Depositions: Plaintiff may take no more than **three (3)** depositions. Any deposition taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure will be counted as a single deposition, regardless of the number of witnesses that testify during that proceeding. Each deposition shall be limited in duration as provided by Rule 30(d).

    b. Document Subpoenas: Plaintiff may serve no more than **five (5)** subpoenas that seek the production of documents. This Order does not restrict Plaintiff from serving additional preservation notices. See Dunlap v. Presidential Advisory Comm'n on Election Integrity, 319 F. Supp. 3d 70, 102 (D.D.C. 2018) (observing "that the Federal Rules expressly permit a document production subpoena but do not provide for a document preservation subpoena" and citing Fed. R. Civ. P. 45(a)(1)(A)(iii)).

    c. Scope of Discovery: Plaintiff may use the discovery procedures authorized herein to seek discovery pertaining to the source(s),

2

recipient(s), and number of text messages relevant to this litigation. Plaintiff may not at this time attempt to obtain Defendant's financial records, including its tax returns, or information from Defendant's accountants, tax preparers, or bookkeepers.

2. To the extent the Renewed Motion seeks leave to file "an *ex parte* motion to identify other discovery which Plaintiff seeks, in order to identify the source of the text messages and/or location of the records for the source's outgoing text messages," such request is **DENIED WITHOUT PREJUDICE AS PREMATURE**. Plaintiff may engage in future motion practice, if necessary, after obtaining, or attempting to obtain, information and materials pursuant to the discovery procedures authorized by this Order.

3. The early discovery allowed by this Order shall be completed no later than **March 15, 2024**. Discovery requests that seek responses or to schedule depositions after this deadline are not enforceable except by order of the Court for good cause shown.

Signed: January 10, 2024

_____
W. Carleton Metcalf
United States Magistrate Judge