UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:23-CV-46

| | |
|---|---|
| **ALWINA FYKES, individually, on her own behalf and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**HALLELUJAH ACRES, INC., a North Carolina corporation, and DOES 1 to 10,**<br><br>Defendants. | **RESPONSE TO ORDER TO SHOW CAUSE** |

**NOW COMES** Alwina Fykes, individually on her own behalf and on behalf of all others similarly situated, by and through counsel and in response to this Court's Show Cause Order entered May 1, 2024 (Doc. 12), the Plaintiff respectfully shows this Court the following:

## RESPONSE

This action against was filed on February 21, 2023. Because Defendants failed to plead or otherwise respond, Defendants' default was entered by the clerk on May 4, 2023. The Plaintiffs then moved for discovery, which this court granted in a limited capacity on January 10, 2024 (Doc. 11).

The Plaintiffs understand that the Court has not seen activity in the case and may believe that nothing is happening. In the interim, Plaintiff's counsel has been pursuing discovery against third parties as well as one named Defendant. This process has been difficult, and the Plaintiffs have been met with a combination of an enormous amount of discovery produced by Google, LLC (Google) and a stone wall from 317 Labs, Inc. (dba "Emotive"), Hallelujah Acres, Inc. ("HA"), a named Defendant, and its President and Chief Executive Officer, Paul Malkmus.

Plaintiff sought discovery from Google regarding email headers for the Defendants' Google email accounts. Consistent with 18 U.S.C. § 2702, Plaintiff did not seek the "contents" of the actual emails but only the date, time, and the email addresses involved. Google initially refused to respond, but eventually sent headers for what appears to be at least one million emails. These headers, however, indicated that HA has heavy email traffic with Emotive. On investigation, Plaintiff learned that Emotive's business involves sending marketing emails, and promptly served a subpoena for relevant evidence from Emotive.

On the other hand, HA has not responded to any communication by Plaintiff nor has its president, Paul Malkmus. Emotive has also not responded to Plaintiff's subpoena (Exhibit A) or Plaintiff's meet and confer efforts. (Exhibit B). Plaintiff's Counsel believes that discovery with these entities will be fruitful if permitted to proceed, despite this initial reticence. However, since HA never responded to any other communications, including the complaint, motion for default and other communication, Plaintiff does not have great confidence that HA will respond to a subpoena. Plaintiff needs a complete production from Emotive to effectively depose HA and Malkmus.

Moreover, Plaintiff needs time to file a motion to compel in the Central District of California. That district's Local Rule 37-1 requires a pre-motion meet and confer process that is somewhat more involved than the one required in this Court: Plaintiff needs to wait for the Local Rule 37-1 process to time out (or for Emotive to meet and confer) before moving to compel. Because there is no communication between HA and the Plaintiff, Plaintiffs cannot estimate when, or if, the Defendants will respond or whether the Plaintiff has to take further measures to determine the members of the class and what damages have occurred. But in the end, the Defendant should not be rewarded with a nonsuit based on a strategy of noncompliance with the laws of this Court.

**WHEREFORE**, Plaintiffs pray that the Court enter an order extending the deadline for the Plaintiff to conduct discovery to determine class members and damages, and for such other and further relief as this Court deems just and proper.

**TODAY** is May 15, 2024.

                                  **COLLUM & PERRY**

By:   */s/ M. Shane Perry*
       M. Shane Perry (N.C. State Bar No. 35986)
       109 W. Statesville Ave.
       Mooresville, NC 28115
       Telephone: (704) 663-4187 shane@collumperry.com

       *LCvR 83.1 Attorney for Plaintiff Alwina Fykes, individually and on behalf of similarly situated individuals.*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:23-CV-46

| | |
|---|---|
| **ALWINA FYKES, individually, on her own behalf and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**HALLELUJAH ACRES, INC., a North Carolina corporation, and DOES 1 to 10,**<br><br>**Defendants.** | **RESPONSE TO ORDER TO SHOW CAUSE** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically via CM/ECF with the United States District Court, Western District of North Carolina, with notification being sent by CM/ECF and US Mail to the following:

>  **Hallelujah Acres**
>  **Attention: corporate officer**
>  **834 South Post Rd.**
>  **Shelby, NC, 28152**

**TODAY** is May 15, 2024.

> **COLLUM & PERRY**
>
> By: */s/ M. Shane Perry*
>  M. Shane Perry (N.C. State Bar No. 35986)
>  109 W. Statesville Ave.
>  Mooresville, NC 28115
>  Telephone: (704) 663-4187 shane@collumperry.com
>
>  *LCvR 83.1 Attorney for Plaintiff Alwina Fykes, individually and on behalf of similarly situated individuals.*