Preston Law Offices
Ethan Preston
4054 McKinney, Suite 310
Dallas, TX 75204

Representing: Plaintiff                                          File No.

UNITED STATES DISTRICT COURT
United States District Court, Western District of North Carolina

| | | |
|---|---|---|
| Alwina Fykes ) | Case No. 1:23-CV-46 | |
| **Plaintiff/Petitioner** ) | | |
| ) | Proof of Service of: | |
| vs. ) | Subpoena to Produce Documents, Information, or Objects or | |
| ) | to Permit Inspection of Premises in a Civil Action; | |
| Hallelujah Acres, Inc., et al. ) | Preservation Instruction and Production Schedule | |
| **Defendant/Respondent** ) | | |
| ) | Service on: | |
| ) | 317 Labs, Inc. | |
| ) | | |

Hearing Date:    2024-03-14

Hearing Time:    3:00pm

Div/Dept:    4054 McKinney Avenue, Ste 310, Dallas, TX 75204 or an alternative place of production per the attached schedule

PROOF OF SERVICE

Order # 22325943

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Preston Law Offices<br>Ethan Preston SBN 263295<br>4054 McKinney Suite 310<br>Dallas, TX 75204<br>TELEPHONE NO:    FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: onelegal@eplaw.us<br>ATTORNEY FOR *(Name)*: Plaintiff | |
| *Insert name of court, judicial district or branch court, if any:*<br>United States District Court, Western District of North Carolina<br>401 West Trade Street<br>Charlotte, NC 28202 | |
| PLAINTIFF / PETITIONER: Alwina Fykes<br>DEFENDANT / RESPONDENT: Hallelujah Acres, Inc., et al. | CASE NUMBER:<br>1:23-CV-46 |
| HEARING DATE:<br>2024-03-14 | HEARING TIME:<br>3:00pm | HEARING LOCATION:<br>4054 McKinney Avenue, Ste 310, Dallas, TX 75204 or an alternative place of production per the attached schedule |
| **PROOF OF SERVICE** | Ref. No. or File No.:<br>10509322 (22325943) |

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:
Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; Preservation Instruction and Production Schedule

2. Party Served:     317 Labs, Inc. by serving Daisy Montenegro, Intake Specialist - Person Most Knowledgeable

3. Date & Time of Delivery:     February 28, 2024 at 12:07 pm PST

4. Address, City and State:     330 North Brand Blvd #700 Glendale, CA, 91203

5. I received the above document(s) for service on:     February 27, 2024

6. Witness Fees:     Witness fees and mileage both ways were not demanded or paid.

Fee for service: $40.00

Registered California process server.
Martha Mauricio
County: Los Angeles
Registration No.: 2023117509

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA 94954
800-938-8815

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

_____
Martha Mauricio

Date: February 29, 2024

PROOF OF SERVICE

Page 1 of 1
Order #22325943

# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

| | | |
|---|---|---|
| ALWINA FYKES, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:23-CV-46 |
| HALLELUJAH ACRES, INC., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: 317 Labs, Inc., 8605 Santa Monica Boulevard, #57093, West Hollywood, California 90069
c/o C T Corporation, 330 North Brand Avenue, Glendale, California 91203

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached production schedule

| Place: Preston Law Offices, 4054 McKinney Avenue, Ste 310, Dallas, TX 75204 or an alternative place of production per the attached schedule | Date and Time: 03/14/2024 3:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/27/2024

CLERK OF COURT

OR

_____   /s/Ethan Preston
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Alwina Fykes , who issues or requests this subpoena, are:

Ethan Preston, Preston Law Offices, 4054 McKinney Avenue, Ste 310, Dallas, TX 75204, (972) 564-8340, ep@eplaw.us

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:23-CV-46

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| ALWINA FYKES, individually, on her own behalf and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>HALLELUJAH ACRES, INC., a North Carolina corporation, and DOES 1 to 10,<br><br>       Defendants. | No. 1:23-CV-46<br><br>**PRESERVATION INSTRUCTIONS AND PRODUCTION SCHEDULE FOR SUBPOENA TO 317 LABS, INC.** |

**PRESERVATION AND PRODUCTION INSTRUCTIONS**

The attached subpoena places 317 Labs, Inc. ("Emotive") on notice that they have a duty to preserve evidence relevant to the above-captioned case, including in particular all communications, emails, billing records, payment records, and other documents received from, provided to, and/or related to the Defendants in this case. Contact the counsel identified above if there are any questions about the subpoena or your obligations thereto. Failure to obey a subpoena could render Emotive liable to sanctions for contempt of court. *See* Fed. R. Civ. P. 45(e). Federal law provides criminal penalties for any person who "corruptly ... obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice[.]" 18 U.S.C. § 1503(a). *See also* 18 U.S.C. § 401(3) (court may punish "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command" by "fine or imprisonment, or both, at its discretion"). Contact the counsel identified above if there are any questions about the subpoena or your obligations thereto.

The duty to preserve created by a subpoena extends to documents and other evidence within Emotive's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(iii). Emotive has

"control" over evidence or documents where it has the right to obtain the documents upon demand.

It is likely that most of the documents requested in this subpoena are electronic. Effective preservation of documents requires you to identify and inventory the physical media where requested electronic documents may be found. Such physical media can take any number of forms, and the following list is provided for illustrative purposes: (1) hard drives attached to personal computers, laptops, and servers; (2) external, networked or detached drives; (3) archive or backup tapes; (4) portable drives (Flash USB drives and external hard drives connected via USB or FireWire); (5) optical media (i.e., CDs and DVDs); (6) floppy discs; (7) portable devices including wireless devices and other PDAs; and (8) volatile memory (i.e., RAM) of the foregoing devices. Document custodians should be alerted that relevant documents may be found in any of the foregoing media, and that a single item of computer media may contain multiple file systems.

**PRODUCTION SCHEDULE**

**Instructions:**

Emotive is required to respond to the attached subpoena in a manner that is consistent with Federal Rule 45. The following instructions do not limit the scope of Emotive's obligations under the Rule 45, but are merely meant to remind or inform it of these duties and to provide examples of compliance those duties.

    **A.**    **Definitions**

With respect to this Subpoena,

1. The term "Plaintiff" means Alwina Fykes.

2. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make requests inclusive rather than exclusive.

3. The term "affiliate" has the same meaning as it does under 12 C.F.R. § 225.2(a).

4. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

5. The term "call record" means all documents, including call detail records and audio recordings, concerning text messages sent during the class period to the present. Call records should include each and every category and/or field of data or metadata which are linked to the responsive call and which are stored by and/or accessible to Defendants, including by way of example but without limitation the following:

   a. The database id number or designator for the call record;

   b. The identity of the Telesales Channel that placed the call;

   c. The originating party (i.e., the telephone number of the party originating the call);

   d. The terminating party (i.e., the telephone number of the party receiving the call);

   e. The dialed number (i.e., the number that the originating party dialed);

   f. The designation or identification of the dialer used to make the call;

   g. The designation or identification of the campaign in which the call was made;

   h. The disposition of the call;

   i. The date the call was initiated (i.e., month, day, year);

   j. The time the call was initiated (i.e., hour, minute, second);

   k. The duration of the call (i.e., hours, minutes, seconds);

   l. Any call features and/or feature codes applied to the call (e.g., pre-recorded voice, click-to-dial, call-forwarding, call-forwarding to voicemail, forward-to number, call-waiting, three-way calling, interactive voice response, etc.);

   m. Original originating number (i.e., the number that originated the call before call forwarding was invoked);

n. Carrier Identification Code ("CIC") for interexchange carrier calls;

o. Telephone switch identification originating the call; and

p. Telephone switch identification terminating the call.

6. The term "class period" means February 21, 2019 through the present.

7. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any document, and/or via oral, written, and/or electronic means.

8. The term "complaint" means any and all versions of the complaint filed in action.

9. The term "consumer" means past, current, potential, and/or prospective customers for Defendants' residential electric generation and/or natural gas supply services.

10. The term "document" includes any communication, data, information, or expression that is fixed in a tangible form and that is stored in a medium from which it can be retrieved and examined. This definition expressly includes, but is not limited to, emails, computer files in every kind and format (which includes every sort of entry or other information stored in a database), as well as writings of every kind, any correspondence, books, records, logs, reports, memoranda, abstracts, advertisements, agreements, appointment records, audio recordings (whether transcribed or not), balance sheets, bills, books of account, certificates, communications, checks, compilations, papers, transcriptions or summaries of conversations, diaries, drafts, drafts of documents, disks, notes, notations, plans and specifications, graphs, tapes, slides, computer programs, computer print-outs, entries, estimates, expense records, financial analyses, financial statements, forms, handbooks, telegrams, income statements, indices, intra-office and inter-office communications, invoices, itemizations, journals, letters, meeting reports, minutes, notes, payroll records, photocopies, photographs, press releases, prospectuses, publications, receipts, records of account, reports, resolutions, statements, statistical records, studies, summaries, system analyses, and time records.

11. The term "Hallelujah Acres" means Hallelujah Acres, Inc. as well as its principals, partners, officers, directors, attorneys, managers, members, servants, employees, assignees, affiliates, and/or anyone acting for or on behalf of it, and/or any predecessor, successor, affiliate, subsidiary, parent or related corporation, partnership or entity, and/or anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person.

12. The term "Defendants" means Hallelujah Acres.

13. The term "insider" includes employees, officers, owners, stockholders, or board

members of Hallelujah Acres, persons in control of Hallelujah Acres, or relatives of any such person, and/or a partnership in which Hallelujah Acres is a general partner, and/or a general partner in such partnership.

14. The term "person(s)" means any natural person or any business, legal or governmental entity or association.

15. The term "TCPA" means the federal Telecommunication Consumer Protection Act and as well as implementing regulations and related Federal Trade Commission and Federal Communications Commission regulations, rules, and orders.

**B.  Scope**

In Emotive's response to the Subpoena, it shall produce (in addition to all documents in its possession or custody) all documents which it has a right to demand. By way of example, but without limitation, it shall produce all responsive documents found in the possession or custody of its agents, partners, attorneys, servants, employees, assignees, affiliates, and/or anyone acting for or on behalf of it, and/or any predecessor, successor, affiliate, subsidiary, parent or related corporation, partnership or entity, and/or anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person.

**C.  Production of Electronic Documents**

Emotive shall produce any electronic documents requested herein in "native format," meaning the format in which they are ordinarily used or accessed by it outside of litigation. Native format explicitly includes application-specific metadata (like File Properties for Emotive Word .doc files) and file system metadata (like the date of creation and modification and file permissions stored in an NTFS-formatted file system). In particular, Emotive shall produce electronic documents with their original filepath.

File system metadata can be preserved by archiving responsive electronic documents in a .tar or .zip file. These archival formats simplify preservation of time-related metadata. These

archival formats can also be used to simplify preservation of file systems' overall directory structure (and thereby responsive documents' filepath) by initially including the file systems' root directory in the archive, and then manually excluding all non-responsive directories and files. If it prefers, Emotive may use a .tar or .zip or similar archival file format to produce all responsive documents on a particular file system. (The documents contained within the archive file should still be produced in their native format.)

However, if responsive electronic documents are in a file format that is not accessible by mass-market software, Emotive shall translate the file to a format accessible by mass-market software. If possible, the documents should be translated in manner that preserves the original documents' metadata. Typically, data in databases should be produced in plain text (i.e., ASCII or Unicode) format, with appropriate delimiters to preserve differentiation between different data fields (which may include tabs or commas), and clear identification of such data fields. Please coordinate with Plaintiffs' counsel early on so that the logistics of translating such electronic documents can be worked out in advance of the production deadline. If possible, the documents should be translated in manner that preserves the original documents' metadata. Conversion of documents from other formats to a .tiff or .pdf format is not acceptable for a number of reasons. **<u>DO NOT CONVERT DATA STORED IN A DATABASE TO PDF FORMAT OR WE WILL REQUIRE YOU TO REPRODUCE THAT DATA.</u>**

There are a variety of ways to authenticate electronic documents. For instance, Emotive may wish to assign a Bates number or calculate a hash value for each electronic document produced, or each archival file, or even each CD or hard drive. A hash is a mathematical or cryptographic "signature" of a file, and can be used to authenticate documents with only minimal time and resources. In either event, Emotive can ensure the integrity of the electronic documents

you produce by including a cryptographic hash value for each document (or each archive). These hash values can be used to label particular productions, and to ensure that the productions are not altered. To the extent Emotive requires Bates designations on its production, it should provide an index with the file name, hash value, and Bates designation of each document produced.

### D. Manner of Production

Emotive shall organize the requested documents either "as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." Fed. R. Civ. P. 45(d)(1)(A). If Emotive does not organize and label produced documents, it must demonstrate that it produced the documents as they are kept in the usual course of business. Emotive may be obliged to substantiate that the documents it produces are produced as they are kept in the ordinary course of business.

Emotive should produce documents on optical media (CDs or DVDs) or on a portable hard drive. Ideally, it should produce documents on read-only optical media (such as CDs or DVDs). Emotive should produce documents on properly-formatted hard drive only if production on optical media is impractical (because of storage limitations) or the translation to an optical media file system materially alters documents.

If Emotive has paper documents without any electronic originals, those documents should be scanned into a .pdf format in a manner that ensures that they are legible and searchable. Please coordinate with Plaintiff's counsel early on, so that the logistics of scanning such paper documents in can be worked out in advance of the production deadline. For environmental and logistical reasons, documents that cannot be scanned should be produced on paper only as a last resort.

### E. Objections

Any objections to the Subpoena must conform to Rule 45(c)(2)(B). Any grounds for objection that is not stated in a timely objection are waived. If documents are withheld under a claim of privilege or protection as trial-preparation material, Emotive shall make the claim expressly and shall describe the nature of the withheld documents (and, if applicable, the external circumstances which it claims support the application of such privilege) in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the applicability of the privilege or protection. *Cf.* Fed. R. Civ. P. 45(e)(2). A privilege log or equivalent should be prepared with your response to the Subpoena, or an extension should negotiated beforehand.

To the extent Emotive objects to the location of production on the face of the subpoena or any dispute concerning the subpoena arises which requires adjudication, Plaintiff will designate an alternative place of production within 100 miles of where Emotive resides, is employed, or regularly transacts business in person consistent Rule 45(c)(1)(A).

Defendants or other third parties may serve you with objections to your production in response to this subpoena. These objections do not require or permit Emotive to delay your production in response to this subpoena. Defendants and other third parties must file a motion for protective order or a motion to quash the subpoena if they wish to prevent your production, and they have limited standing to do so. *Cf.* Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 45(d)(3).

This subpoena seeks metadata and other information which do not constitute "contents" of any communication, as that term is used in 18 U.S.C. § 2702.

**Schedule of Documents to be Produced by 317 Labs, Inc.**

1. All documents concerning communications with Defendants during the class period, including all communications with Defendants, data shared by or with Defendants, account, registration, or subscription information for Defendants (including names, mailing addresses, telephone numbers, email addresses, and

TIN/SSN), and all documents which provide Defendants' payment history (including wire instructions, credit card receipts, check images, and/or images of any other financial instruments).

2. To the extent not otherwise produced in response to prior Requests, all call records and/or call detail reports for calls or text messages sent on Defendants' behalf during the class period.

3. To the extent not otherwise produced in response to the prior Request, call records and/or call detail reports for calls or text messages sent on Defendants' behalf in June 2022.

4. To the extent not otherwise produced in response to the prior Request, all documents containing a list or lists of contact information (including email and telephone numbers) for prospective customers used by Defendants during the class period.

5. To the extent not otherwise produced in response to the prior Request, all documents concerning Plaintiff and/or which contain, are indexed, filed, or retrievable under his name or any number, symbol, designation, or code (such as her telephone number(s)) assigned to or associated with Plaintiff. This request includes, by way of example (but without limitation) communications with Plaintiff, or communications about Plaintiff, and/or call records for calls to Plaintiff.

6. All organization charts and personnel directories which identify Emotive's employees during the class period.

7. Documents sufficient to show where call records of calls made or text messages sent on Defendants' behalf are stored and maintained, including by way of example but without limitation the file(s) and server storing such information.

8. All documents concerning the operation and maintenance of any system which used to make calls or send text messages for Defendants, including, by way of example, but without limitation, instruction manuals, operation manuals, training manuals, sales brochures, marketing materials, licensing agreements, the written policies and procedures regarding the operation of such system, and/or communications reflecting unwritten policies and procedures regarding the operation of such software.

9. All documents necessary or useful for a layperson to read, understand, and interpret the meaning of any computer data Emotive received, processed, or maintained concerning Defendants or call made or text message sent for Defendants.

10. All documents concerning any communication between Emotive and any other

person (besides Plaintiff and her counsel) regarding the case captioned above, *Fykes v. Hallelujah Acres, Inc.*, No. 1:23-cv-0104, pending in the United States District Court for the Western District of North Carolina (including, by way of example but without limitation, communications concerning this subpoena, Emotive's response thereto, and the retention and/or production of documents relevant to the case captioned above, as well as documents evidencing such communications). This category does not include Emotive's internal communications.

11. All documents concerning any incident under which any document which would otherwise be responsive to this subpoena was lost, destroyed, delinked, dereferenced, deleted, and/or access to such document was lost.

12. To the extent that you intend to charge Plaintiff any cost or expense for complying with this subpoena, all documents on which you may rely to support such cost or expense.

13. To the extent that you object to this subpoena, every document on which you may rely to support such objection in any dispute regarding this subpoena

Dated: February 27, 2024          By:   s/Ethan Preston
                                        Ethan Preston (263295)
                                        ep@eplaw.us
                                        PRESTON LAW OFFICES
                                        4054 McKinney Avenue, Suite 310
                                        Dallas, Texas 75204
                                        Telephone: (972) 564-8340
                                        Facsimile: (866) 509-1197

                                        *Attorneys for Plaintiff Robert Nock, on his own behalf, and behalf of all others similarly situated*

Subpoena to 317 Labs, Inc.                    10                              No. 1:23-cv-0104
Case 1:23-cv-00046-MR-WCM   Document 13-1   Filed 05/15/24   Page 15 of 16

# CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, I hereby certify that a copy of the foregoing document was this date served upon the parties below under Fed. R. Civ. P. 5(b) by causing a copy of the foregoing to be placed in the United States Mail, postage prepaid, and sent to their last known address as follows:

>Corporate Officer
>HALLELUJAH ACRES, INC.
>900 South Post Road
>Shelby, North Carolina 28152
>
>*Defendant*

Dated: February 27, 2024

By: s/Ethan Preston
Ethan Preston (263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiff Robert Nock, on his own behalf, and behalf of all others similarly situated*