**PRESTON/LAW OFFICES**
4054 McKinney Avenue, Suite 310 / Dallas, Texas 75204
(972) 564-8340 / (866) 509-1197 / ep@eplaw.us

**Via Email and First-Class Mail**

317 Labs, Inc.
11390 West Olympic Boulevard, Suite 100
Los Angeles, California 90064.

317 Labs, Inc.
8605 Santa Monica Boulevard #57093
West Hollywood, California 90069

May 14, 2024

      Re:    *Fykes v. Hallelujah Acres, Inc.,* No. 1:23-CV-46, pending in the United States District Court for the Western District of North Carolina

To Whom It May Concern,

      This law firm represents the Plaintiff in the above-captioned case, Alwina Fykes on her own behalf, and on behalf of the other members of the Class ("Plaintiff"). On February 28, 2024, Plaintiff served 317 Labs, Inc. ("Emotive") with a subpoena for production of documents relevant to various aspects of Plaintiff's case against Defendant Hallellujah Acres, Inc. A copy of the proof of service is attached to this correspondence below. This letter requests that Emotive meet and confer regarding the subpoena by telephone, consistent with Local Rule 37-2.1 of the United States District Court for the Central District of California. I ask that you please either review Local Rule 37 or retain counsel to respond to this letter.

      As far as I know, Emotive has not served any response to the February 28 subpoena. Any objections to the subpoena are now untimely. Objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(c)(2)(B).

> Failure to serve timely objections [to a subpoena] waives all grounds for objection, including privilege[.] [A] nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, has been waived.

*McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). *See also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived").[1] Objections served four days late are waived. *See Richter v. Mutual of Omaha Ins. Co.*, No. 06-011, 2006 WL 1277906, *3 (E.D. Wis. May 5, 2006) ("objection [that] was filed four days late [was] deemed waived under [Rule] 45(c)(2)(B); citing *Angell v. Shawmut Bank Conn. Nat. Ass'n*, 153 F.R.D. 585, 590 (M.D.N.C. 1994)); *Shumock v. Columbia/HCA Healthcare Corp.*, No. 99-1777, 1999 WL 615169, at *1 (E.D. La. Aug. 12,

---

[1] The 1991 amendments to Rule 45 "provide additional protection to the subpoenaed person" but "also make it reasonable to construe the new time limits more strictly so that failure to timely file an objection will result in a waiver of the right to object to enforcement of the subpoena and of the right to recover costs of production." *McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 425 (D.N.J. 2004) (quoting *Angell*, 153 F.R.D. at 590).

1999) (waiver when objections were two days late).

      Subpoenas in federal cases are issued under Federal Rule 45, which authorizes contempt of court sanctions for failure to comply with a subpoena. *Cf.* Fed. R. Civ. P. 45(g) (court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it"). "Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act of defiance of a court order and exposes the defiant witness to contempt sanctions." Fed. R. Civ. P. 45(a) advisory committee's note on 1991 amendment (quoted by, e.g., *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. 08-00519, 2009 WL 605789, *2 (C.D. Cal. Mar. 9, 2009)).

> A subpoena has never been treated as an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase. If that were the case, then, indeed, the great power of testimonial compulsion, so necessary to the effective functioning of courts and legislatures, would be a nullity. We have often iterated the importance of this public duty, which every person within the jurisdiction of the Government is bound to perform when properly summoned.

*United States v. Bryan*, 339 U.S. 323, 331 (1950). "Contempts such as failure to comply with document discovery . . . touch upon the core justification for the contempt power." *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 833 (1994).

      Remedies for contempt of court include "a compensatory fine" in an amount "reasonably calculated to compensate the petitioner for all costs incurred in the proceedings to enforce the subpoena." *In re D.I. Operating Co.*, 240 F. Supp. 672, 678 (D. Nev. 1965). Such compensatory costs include attorneys' fees. *Ahearn ex rel. N.L.R.B. v. International Longshore & Warehouse Union, Locals 21 and 4*, 721 F.3d 1122, 1130 (9th Cir. 2013). "Attorneys' fees frequently must be expended to bring a violation of an order to the court's attention." *Perry v. O'Donnell*, 759 F.2d 702, 703, 705 (9th Cir. 1985) (affirming contempt sanctions for "attorneys' fees and [] expenses incurred in successfully prosecuting [contemnor] for civil contempt"). Where Emotive "has taken no affirmative steps to comply" with the subpoena, the "time and expense" incurred in bringing a motion to enforce the subpoena are "precisely the types of considerations that render an attorneys' fees award appropriate." *Bademyan*, 2009 WL 605789, *2. Other sanctions for contempt of court include a daily fine for each day that Emotive fails to comply with the subpoena. *Cf. United States v. Rose*, 437 F. Supp. 2d 1166, 1170 (S.D. Cal. 2006) (court has authority "to impose a daily monetary fine until such time as [contemnor] complies with the Court's order"). *See also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1482 (9th Cir. 1992) ("coercive effect" of daily fine "increases with each passing day as the contempt fine grows larger"). Contempt of court and obstruction of the subpoena may also constitute criminal acts. 18 U.S.C. §§ 401(3), 1503(a).

      While Plaintiff reserves all rights with respect to the subpoena and any action required to enforce the subpoena, she hopes and expects that we will be able to reach a resolution that accommodates everyone involved. Plaintiff requests that Emotive advise her on its availability to meet and confer with Plaintiff regarding the Subpoena (consistent with the Local Rules for the Central District of California) by May 24, 2024.

//

Sincerely,

Ethan Preston

Preston Law Offices
Ethan Preston
4054 McKinney, Suite 310
Dallas, TX  75204

Representing: Plaintiff                                                  File No.

# UNITED STATES DISTRICT COURT
United States District Court, Western District of North Carolina

| | |
|---|---|
| Alwina Fykes ) | Case No. 1:23-CV-46 |
| **Plaintiff/Petitioner** ) | |
| ) | Proof of Service of: |
| vs. ) | Subpoena to Produce Documents, Information, or Objects or |
| ) | to Permit Inspection of Premises in a Civil Action; |
| Hallelujah Acres, Inc., et al. ) | Preservation Instruction and Production Schedule |
| **Defendant/Respondent** ) | |
| ) | Service on: |
| ) | 317 Labs, Inc. |

Hearing Date:   2024-03-14

Hearing Time:   3:00pm

Div/Dept:   4054 McKinney Avenue, Ste 310, Dallas, TX 75204 or an alternative place of production per the attached schedule

## PROOF OF SERVICE

Order # 22325943

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Preston Law Offices<br>Ethan Preston SBN 263295<br>4054 McKinney Suite 310<br>Dallas, TX 75204<br>　　　TELEPHONE NO:　　　　　　　　　FAX NO *(Optional)*:<br>　E-MAIL ADDRESS *(Optional)*:　onelegal@eplaw.us<br>　　ATTORNEY FOR *(Name)*:　Plaintiff | FOR COURT USE ONLY |
|---|---|
| *Insert name of court, judicial district or branch court, if any:*<br>United States District Court, Western District of North Carolina<br>401 West Trade Street<br>Charlotte, NC  28202 | |
| PLAINTIFF / PETITIONER:　Alwina Fykes<br>DEFENDANT / RESPONDENT:　Hallelujah Acres, Inc., et al. | CASE NUMBER:<br>1:23-CV-46 |
| HEARING DATE:<br>2024-03-14 | HEARING TIME:<br>3:00pm | HEARING LOCATION:<br>4054 McKinney Avenue, Ste 310, Dallas, TX 75204 or an alternative place of production per the attached schedule |
| **PROOF OF SERVICE** | Ref. No. or File No.:<br>10509322 (22325943) |

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:
Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; Preservation Instruction and Production Schedule

2. Party Served:　　　　　　　　　　317 Labs, Inc. by serving Daisy Montenegro, Intake Specialist - Person Most Knowledgeable

3. Date & Time of Delivery:　　　　　February 28, 2024 at 12:07 pm PST

4. Address, City and State:　　　　　330 North Brand Blvd #700 Glendale, CA, 91203

5. I received the above document(s) for service on:　　February 27, 2024

6. Witness Fees:　　　　　　　　　　Witness fees and mileage both ways were not demanded or paid.

Fee for service: $40.00

Registered California process server.
Martha Mauricio
County: Los Angeles
Registration No.: 2023117509

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA  94954
800-938-8815

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

_____
Martha Mauricio

Date: February 29, 2024

-------- Forwarded Message --------
**Subject:** USPS - Click-N-Ship(R) Payment Confirmation
**Date:** Tue, 14 May 2024 12:09:04 -0500
**From:** USPS_Shipping_Services@usps.com
**Reply-To:** USPS_Shipping_Services@usps.com
**To:** usps@eplaw.us



| **Sign in** | **Shipping History** | **Manage Your Mail** | **Customer Service** |

## USPS-Click-N-Ship® Payment Confirmation

Thanks for shipping with us, ETHAN M PRESTON!

Additional information regarding your label(s) can be found in your Shipping History. From your Shipping History you can Ship Again, track your package, or request a refund.

**Click-N-Ship® Payment Details**
**Acct #:** 74639978
**Transaction Number:** 602519206
**Transaction Date/Time:** 05/14/2024 12:04 PM CDT
**Transaction Amount:** $17.80
**Payment Method:** MC-4602

**Ground Advantage?**
**9402 1036 9930 0000 2744 43** (Sequence Number 1 of 2)

**Scheduled Delivery Date:** 05/17/2024
**Shipped to:**
    317 LABS, INC.
    11390 W OLYMPIC BLVD
    STE 100
    LOS ANGELES CA 90064-1607

**Ground Advantage?**
**9402 1036 9930 0000 2744 50** (Sequence Number 2 of 2)

**Scheduled Delivery Date:** 05/17/2024
**Shipped to:**
    317 LABS, INC.
    8605 SANTA MONICA BLVD
    # 57093
    W HOLLYWOOD CA 90069-4109

Learn more about requesting a refund online here.



**Need help?**
Search FAQs
1-800-ASK-USPS

Privacy Policy

usps.com

This message is for the designated recipient only and may contain privileged, proprietary, or otherwise private information. If you have received it in error, please notify the sender immediately and delete the original. Any other use of the email by you is prohibited.