IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00046-MR-WCM

| | |
|---|---|
| ALWINA FYKES, individually, on her own behalf and on behalf of all others similarly situated, <br><br>  Plaintiff, <br><br> vs. <br><br> HALLELUJAH ACRES, Inc., a North Carolina corporation; and <br><br> DOES 1 – 10, <br><br>  Defendants. | **O R D E R** |

**THIS MATTER** is before the Court *sua sponte.*

The Plaintiff Alwina Fykes brought this putative class action under the Telephone Consumer Protection Act, 47 U.S.C. §227, against the Defendants Hallelujah Acres, Inc. ("Hallelujah Acres") and Does 1 to 10 (collectively, "the Defendants") to stop the Defendants' practice of unsolicited telemarketing texts to telephone numbers listed on the national Do-Not-Call Registry. [Doc. 1]. The Plaintiff obtained an entry of default against Hallelujah Acres on May 4, 2023. Subsequently, in October 2023, the Plaintiff filed a motion seeking leave to take discovery. [Doc. 5]. The

Magistrate Judge denied the Plaintiff's motion without prejudice. [Doc. 8]. The Plaintiff renewed her motion for discovery in January 2024. [Doc. 9]. On January 10, 2024, the Magistrate Judge granted the Plaintiff's motion in part, allowing her some limited early discovery in the form of depositions and document subpoenas. [Doc. 11].

On May 1, 2024, the Court ordered the Plaintiff to show good cause why this matter should not be dismissed for her failure to prosecute because more than thirty days had passed since the discovery deadline imposed by the Magistrate Judge and the Plaintiff had not taken further action. [See Doc. 12]. On May 15, 2024, the Plaintiff responded to the Court's Show Cause Order, stating that she had been actively pursuing discovery from Hallelujah Acres, as well as third parties Google, LLC, and 317 Labs, Inc. d/b/a Emotive ("Emotive"). [Doc. 13 at 1]. However, the Plaintiff stated that neither Hallelujah Acres, its president Paul Malkmus, nor Emotive had responded to her discovery requests. [Id. at 2]. Thus, she requested that the Court extend the discovery deadline. [Id. at 3].

In light of the Plaintiff's response, the Court discharged the Show Cause Order and extended the discovery deadline to August 28, 2024. [Doc. 14]. The Plaintiff was directed to file regular status reports every thirty (30) days regarding her efforts to obtain discovery. [Id.]. The Court further stated

that "absent Plaintiff's demonstration of extenuating circumstances, the Court does not anticipate that additional extensions of the discovery deadline will be forthcoming." [Id. at 2].

The Plaintiff has filed monthly status reports as ordered.[1]  Further, the deadline for conducting discovery has expired without any additional extensions of such deadline being sought.  In light of the foregoing, the Court enters the following Order.

**IT IS, THEREFORE, ORDERED** that, **within fourteen (14) days of the entry of this Order**, the Plaintiff shall take such action as is necessary to further prosecute this action and bring this matter to a close.  Should the Plaintiff fail to take appropriate action, this action may be dismissed without prejudice.

**IT IS SO ORDERED.**

Signed: November 4, 2024

Martin Reidinger
Chief United States District Judge

---

[1] In the most recent status report, the Plaintiff's counsel state that they have attempted to subpoena witnesses and arrange deposition times; that they have received an email from Mr. Malkmus, but that no attorney has yet appeared on behalf of Hallelujah Acres; that co-counsel "is still pursuing discovery in California"; and that the Plaintiff intends to "file a motion for leave to contact the represented party so that Plaintiff's counsel may request that their attorney file a notice of appearance." [Doc. 22 at 1-2].